· No. 20,604.

L. C. FISHER, *Appellee*, v. W. H. O'BRIEN, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE — *Automobile — Dim Lights—Excessive Speed—Injuries.*
Independently of any statute it is negligence as a matter of law to
drive an automobile along the highway on a dark night at such speed
that it can not be stopped within the distance that objects can be seen
ahead of it.

2. SAME—The rule above stated applies where, by reason of his head-
lights having given out, the driver is using a lantern hung in front ·
of his radiator.

3. SAME—*Automobile—Excessive Speed—Violation of Statute—Instruc-
tions.* In an action against the driver of an automobile on account
of personal injury resulting from a collision, alleged to have been
due to excessive speed and a dim light, it is not error to instruct that
if by such driving the life or limb of any one were endangered this
constituted negligence because of the violation of the statute for-
bidding a rate of speed such as to endanger the life or limb of any
person.

4. TRIAL—*Instructions—General Knowledge of Jurors.* An instruction
that the jury may make use of the general knowledge they possess in
common with the rest of mankind is unobjectionable.

5. SAME—*Instructions.* The refusal of various requested instructions
held not to have been erroneous.

6. NEGLIGENCE—*Automobile—Excessive Speed—Injuries—Certain Evi-
dence Properly Rejected.* In an action against the driver of an
automobile charged with having negligently run into a wagon, where
the defendant maintained that the injury complained of was the re-
sult of the frightening of led horses attached thereto, evidence offered
by him that the plaintiff had been instructed by his employer to bring
the horses by a different road on account of their wildness held to
have been properly rejected.

Appeal from Sedgwick district court, division No. 1;
THOMAS C. WILSON, judge. Opinion filed January 6, 1917. Af-
firmed.

*John W. Adams,* and *George W. Adams,* both of Wichita, for
the appellant.

*Clyde E. Souders,* and *Otto R. Souders,* both of Wichita, for
the appellee.

The opinion of the court was delivered by

MASON, J.: L. C. Fisher brought an action against W. H. O'Brien for injuries he claimed to have received in consequence of a spring wagon in which he was driving being run into by an automobile driven by O'Brien in the same direction. The plaintiff recovered a judgment and the defendant appeals.

The petition alleged that the accident was due to the negligence of the defendant in traveling without any light other than that furnished by a lantern fastened in front of the automobile, in running at too high a rate of speed, in being intoxicated, in failing to keep an outlook, and in failing to stop or turn out after he discovered or should have discovered the wagon. The answer contained a general denial and alleged that any injuries the plaintiff received were due to the frightening of some horses which were being led by him and a companion, in a careless and improper manner, and to his negligence in not being provided with a secure seat, in not turning out so as to give the defendant room to pass, and in not controlling his horses. The jury found that the defendant was not intoxicated, that they did not know whether he was traveling faster than twenty miles an hour, and that his negligence consisted in "driving his car without sufficient lights." The defendant complains of the giving and refusal of instructions, of the rejection of evidence, and of the refusal to set aside the verdict and the finding of negligence as unsupported by the evidence. An instruction regarding the effect of the intoxication of the driver of an automobile was rendered immaterial by the finding that he was sober. Instructions as to various other forms of negligence need not be considered, since the verdict was based upon the absence of proper lights.

1. The defendant maintains that the province of the jury was invaded by an instruction to the effect that independently of any statute on the subject it is negligence as a matter of law for a motorist to run an automobile along the highway on a dark night at such speed that he can not stop his machine within the distance he can see objects ahead of him. This rule was declared in *Lauson v. Fond du Lac,* 141 Wis.

57, and was referred to with inferential approval, in support of the proposition that one of the purposes of headlights is to enable the driver to see ahead of him, in *Giles v. Ternes,* 93 Kan. 140, 144, 143 Pac. 491, where it was said that the lights must be sufficient to enable him to see a reasonable distance in the direction in which the automobile is proceeding (p. 144). The rule has also been applied in the following cases, which are collected in notes to Berry on Automobiles, 2d ed., § 133 *Harnau v. Haight,* (Mich. 1915) 155 N. W. 563; *Curran v. Lorch, Appellant,* 247 Pa. St. 429; *West Const. Co. v. White,* 130 Tenn. 520. In the Kansas case cited this court has determined that where a light is required at all one of its objects is that the driver may be advised of possible obstacles in the road, and that to be adequate to the purpose it must enable him to see ahead for a reasonable distance. We think it can safely be said as a matter of law that the distance is not reasonable unless the road is illuminated for at least as far as the distance required for stopping the vehicle. The instruction given by the trial court is therefore approved.

2. The defendant lived eight miles south of Garden Plain, and was on his way home from that place when the accident occurred. He testified that before he got out of town his lights were very dim, and before he had gone a mile he had no lights at all; that he rode on until he reached the place of an acquaintance, where he borrowed the lantern, which he hung in front of the radiator. It is argued that these circumstances justified his proceeding without other lights, and that the rule just stated did not apply in such a situation. The findings of the jury that the defendant was not, so far as they knew, going as fast as twenty miles an hour, and that his negligence consisted in driving his car without sufficient lights, must be interpreted as meaning that he was negligent in traveling in the manner he did—at the speed he was going—without better lights, that the rate of travel was not negligent in itself, but was such as to make it negligence not to have a more effective illumination. The speed and the range of the lantern were correlative, and the same idea is conveyed whether the negligence is described as traveling too fast with such a dim light, or in having such a dim light while traveling so fast. The light was constant, but its protective effect varied in-

versely with the speed. The situation was not merely one to which the rule stated was applicable—it was peculiarly adapted to illustrate its soundness.

3. An instruction was given to the effect that a violation of the statute which results in an injury to another is negligence as a matter of law, and therefore if the defendant operated his automobile in the manner alleged [that is, at a high speed, or what is essentially the same thing, with a dim light] so as to endanger the life or limb of any person [that being forbidden by section 7 of chapter 65 of the Laws of 1913] and thereby caused the injury complained of, the verdict should be for the plaintiff, unless he were guilty of contributory negligence. This is objected to as eliminating all questions of the plaintiff's diligence and of the defendant's negligence being the proximate cause of the injury. Elsewhere the jury were told that the negligence of the defendant would not furnish foundation for recovery unless it was the proximate cause (which was duly defined) of the injury, and that contributory negligence was a complete defense if established. The instruction is also criticized as too indefinite, because it does not designate what provision of the statute is referred to. We think the fair interpretation of the language used was that indicated in the bracketed clauses, inasmuch as a subsequent instruction quoted the provision from the section above cited forbidding the operation of a motor vehicle at a rate of speed such as to endanger the life or limb of any person. The instruction in which that quotation occurs is criticized as submitting questions not within the pleadings. The petition did not allege that the defendant ran his car at such a rate of speed as to endanger the plaintiff's life or limb, but it alleged that the speed was over twenty-five miles an hour and was unlawful, and that the injury resulted therefrom. Under this allegation the issue was not confined to the particular rate of speed named, and it was proper so submit the question whether the speed was such as to endanger life or limb.

4. Exception is taken to an instruction that the jury, in arriving at their verdict, were at liberty to make use of the general knowledge which they possessed in common with the rest of mankind. This is in accordance with approved practice. (*Missouri River R. R. Co. v. Richards*, 8 Kan. 101.)

5. Complaint is made of the refusal to give a number of instructions, chiefly relating to contributory negligence. The allegations of the answer invoking this defense were set out quite fully in the charge, and as already stated the jury were instructed on the subject in general terms. The omission to deal with the matter at greater length does not appear to us to have been prejudicial. A requested instruction regarding proximate cause which was refused was covered by a definition of the term coupled with a statement that the negligence of the defendant would not furnish a foundation for a verdict for damages unless it were the proximate cause of the plaintiff's injury. The trial court refused to instruct that no recovery could be had unless there was an actual physical contact and impact between the automobile and the rear end of the wagon, that being the allegation of the petition. To have given it would have held the plaintiff too closely to the literal allegations of his pleading. If, for instance, the evidence had shown the automobile struck the side of the wagon, or struck a led horse and threw it against the wagon, there would have been no substantial variance.

6. Evidence was introduced by the defendant that the plaintiff had been told by the owner of the horses that were being led, and in whose employ he was, to bring them by a different road, on account of their wildness, and to get them home before dark. This was stricken out on the motion of the plaintiff, and the ruling is complained of. Whatever relevance this evidence might have had in a controversy between the plaintiff and his employer, it had no place in the present action. If the plaintiff disobeyed his instructions he thereby violated no duty which he owed to the defendant.

The contention that the evidence did not warrant the verdict or findings is held not to be well founded, but is not thought to require further discussion.

The judgment is affirmed.