**MUSKOGEE ELECTRIC TRACTION CO.
v. RICHARDS, Adm'r.**

No. 12761—Opinion Filed Dec. 26, 1923.

Rehearing Denied Jan. 22, 1924.

**1. Death—Action for Wrongful Death by Administrator.**

In an action for damages by the administrator, where the petition shows on its face that the damages claimed are for the use and benefit of the next of kin and based on the wrongful death of the decedent, the action is under section 824, Comp. Stat. 1921.

**2. Same — Contributory Negligence — Instructions.**

In an action for damages by wrongful death, where there is an issue of contributory negligence in the pleadings and evidence and the court covers this issue by its general instructions to the jury, it is not error to refuse to give a special instruction asked for by defendant on the same issue.

**3. Same—Harmless Error—Instruction on Damages.**

In an action for damages by wrongful death, where the court instructs the jury that in arriving at the plaintiff's damages, if any, they may consider, also, the loss of the society, aid, and comfort which the next of kin has sustained by reason of the wrongful death, and in same connection warns the jury that they should only award pecuniary loss, if any, and the verdict returned is not excessive and sustained by the evidence, the error is harmless.

**(a) Same.**

Although an instruction given may mistake the law, if others are given which, when taken together with the improper one, make it apparent that the jury was not misled thereby, the same will not constitute reversible error.

**(b) Same—Necessity for Requests.**

It is well settled by this court that where there is competent evidence to show damages alleged and the verdict is not excessive and when the complaining party does not request an instruction correctly stating the measure of damages the cause will not be reversed because the measure of damages is inaccurately stated in the instruction. Lusk et al. v. Kennedy et al., 73 Oklahoma, 176 Pac. 502.

**4. Verdict Approved.**

The verdict examined, and held not excessive under all the facts and circumstances of the case.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by Lula Richards as administratrix of the estate of Albert Richards, deceased, against the Muskogee Electric Traction Company. Judgment for plaintiff, and defendant appeals. Affirmed.

C. A. Summers, J. H. Maxey, and Christy Russell, for plaintiff in error.

O. H. Searcy and Neff & Neff, for defendant in error.

Opinion by THREADGILL, C. This is an appeal by plaintiff in error, defendant below, from a judgment of the district court of Muskogee county, in favor of defendant in error, plaintiff below, and for convenience the parties will be referred to in this opinion as they were there.

On March 22, 1921, plaintiff commenced her action against the defendant by filing her petition, in which she alleged that she was the administratrix of the estate of Albert Richards, deceased, and the mother and only surviving parent of said deceased; that the defendant was a corporation under the laws of the state of Oklahoma; that by reason of the negligence of the defendant in operating its street cars in the city of Muskogee and on Central street, at the intersection of Fond Du Lac street, her 17-year-old son, riding on a motor truck loaded with ice, in a collision with the defendant's street car, lost his life, and to her damage in the sum of $20,000. On June 23, 1921, the defendant filed its amended answer, consisting of a confession of its corporate name and existence, and general denial, and pleading negligence on the part of the driver of the motor truck, in violation of the city ordinance in manner of driving and, also, pleading contributory negligence on the part of the deceased by his failing to remonstrate with the driver of the truck about his fast and reckless driving and by his acquiescence and approving and consenting to the manner of operating the said motor truck.

A copy of the traffic ordinance of the city was attached to the answer. This ordinance provided for a limit of ten to fifteen miles an hour in crossing street intersections and for street car right of way at all crossings. The plaintiff filed her reply consisting of a general denial. These issues were tried to a jury on June 23 and 24, 1921, and resulted in a verdict and judgment in the sum of $6,000 in favor of the plaintiff, and the defendant appealed by petition in error and case-made. The defendant sets out ten assignments of error and discusses them under four propositions.

1. The first proposition is as follows:

"This is a suit by Lula Richards, administratrix of the estate of Albert Richards, deceased, and the trial court erred in instructing the jury that it was a suit by the administratrix for and on behalf of herself as the next of kin of the deceased and permitting Lula Richards to recover for the pecuniary loss of Albert Richards, as the next of kin."

We are unable to see any merit in this contention. The petition on its face shows that the suit was brought for damages by the administratrix on account of the wrongful death of Albert Richards for the use and benefit of the mother as next of kin, and in compliance with section 824, Comp. Stat. 1921, and the court's instructions to the jury are consistent with this theory of the case. There are no new questions involved here and principles governing in such cases are discussed in Shawnee Electric Traction Company v. Motesenbocker, 41 Okla. 454, 138 Pac. 790; City of Shawnee v. Cheek, 41 Okla. 227, 137 Pac. 724..

2. Defendant's second proposition is as follows:

"The trial court erred in refusing to submit to the jury the question of contributory negligence of the deceased for whose death this action is brought as a question of fact for the jury's determination and in that connection depriving this plaintiff in error of a constitutional right."

This complaint seems to be leveled at the action of the court in refusing to give the following instruction requested by the defendant:.

"You are further instructed that the plaintiff could not recover if you find from the evidence that the deceased was guilty of contributory negligence even though you might also find that the defendant had been guilty of negligence, and you are instructed that contributory neligence is negligence of the plaintiff, or the person on account of whose injury the action is brought amounting to a want of ordinary care and proximately contributing to bring about the injury.

"To constitute such negligence as will bar a recovery of damages two elements must concur in every case. First: A want of ordinary care on the part of the plaintiff. Second. A proximate connection between this want of ordinary care and the injury complained of. These are questions of fact for the jury. The question is, has the care. diligence, or skill demanded by the peculiar circumstances of the particular case been exercised by the plaintiff? If so, there was no negligence; if not, there is negligence."

Contributory negligence was made an issue in the trial of the case. The testimony showed that the deceased, with several school-mates in Bacone College, was riding on the motor truck returning with the driver from the ice plant with a load of ice for the college; that he was sitting on a block of ice with his feet hanging off on the right hand side of the truck; he had nothing to do with the hauling of the ice and was only a guest on the truck. The testimony was rather conflicting as to how fast the truck was driving as it approached the car line from the west on Fond Du Lac street, and the testimony was conflicting as to how fast the street car was traveling from the north on C street. Under the pleadings and this testimony the defendant had a right to an instruction on contributory negligence in submitting to the jury the issue as to whether or not the deceased was negligent in riding on the truck, under all the circumstances, and taking no steps as a reasonably prudent person in guarding against accidents and protecting himself against injury. City of Hugo v. Nance, 39 Okla. 640, 135 Pac. 346; Oklahoma Ry. Co. v. Milan, 45 Okla. 742, 147 Pac. 314; C., R. I. & P. Ry. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146; St. Louis & San. F. Ry. Co. v. Elsing, 37 Okla. 333, 132 Pac. 483; section 6, article 23, of Constitution of Oklahoma.

Counsel are right in their contention that the defendant was entitled to an instruction on contributory negligence, but we cannot agree with counsel that the court committed error in refusing to give the particular instruction requested. Counsel, in arguing this proposition, seems to assume that the court failed to cover the point by its general instruction. We have examined the charge of the court and the argument of counsel for plaintiff and we fully agree with them that the trial judge has woven through the entire charge to the jury in the case the very apt expression:

"That while the said deceased was in the exercise of due care for his own safety."

We think the court went further in its instructions on contributory negligence than was necessary. The testimony is undisputable that the deceased was not driving the ice truck and had no part in the errand, and yet the court, in its instructions numbered 7, 8, and 10, submitted to the jury the question of whether or not the deceased was engaged in a joint enterprise with the driver of the truck or engaged in such a mission as would make the deceased liable for the negligence of the driver of the truck. This instruction was not necessary under the testimony in the case, but it was a correct statement of the law as the doctrine of im-

puted negligence does not obtain under the law of this state. To render one liable for the negligence of a chauffeur, the relation of master and servant or principal and agent must exist, or the parties must be engaged in a joint enterprise whereby responsibility for the acts of each other exists. St. Louis & S. F. Ry. Co. v. Bell, 58 Okla. 84, 159 Pac. 836; Oklahoma Ry. Co. v. Thomas, 63 Okla. 219, 164 Pac. 120.

In instruction No. 9 the court told the jury that the defendant was not liable for any negligence on the part of George W. Bickford, the driver of the motor truck, and if the accident in which the deceased was fatally injured happened solely on account of the driver's negligence that the plaintiff could not recover.

In instruction No. 11, the court told the jury that every person is required to exercise ordinary care for his own safety, and if one fails to exercise ordinary care for his own safety then such a want of ordinary care is negligence, and if such negligence contributes, as a proximate cause, to his injury or death, then there can be no recovery on account of such injury or death; and in instruction No. 12, the court said:

"You are further instructed that ordinary care as used in these instructions means that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances."

And in instruction No. 14, the court stated as follows:

"You are instructed that the crossing of a street railway track is a place of danger and every person is presumed to know the danger thereof and it is his duty in the exercise of reasonable care for his own safety in approaching the crossing of a street car to look in order to see if a car is approaching and listen in order to hear any warning which may be sounded of the approaching of such street car and in doing that it is the duty to look and listen at a point far enough away from such street car track that if he sees any car or hears any warning of its approach in the exercise of reasonable care, stop and avoid collision with such street car."

And the court further stated as follows:

"You are further instructed that if you believe from the evidence that the deceased, Albert Richard, was himself guilty of negligence causing or contributing as a proximate cause to the collision in question, then the plaintiff in this case cannot recover."

We think these instructions were amply sufficient to cover the point of contributory negligence complained of by the defendant.

3. Defendant's third proposition is as follows:

"The trial court erred in instructing the jury that in arriving at the amount of damages they should consider the loss of the society and comfort which the said Lula Richards sustained by reason of the death of said Albert Richards."

The language complained of appears in paragraph 17, of the court's instructions and the whole paragraph reads as follows:

"You are further instructed that in the event you find a verdict for the plaintiff under the evidence and instructions of the court you will assess plaintiff's recovery at such sum as will be a fair and reasonable compensation for the pecuniary loss which the next of kin, the mother, Lula Richards, has sustained, if any, by reason of the death of the said Albert Richards, deceased.

"In this connection you are further instructed that the mother, Lula Richards, is as a matter of law, entitled to the services of her deceased son, Albert Richards, until he reached his majority, that is to say until he became 21 years of age. The said Lula Richards is also entitled in the event you find a verdict for the plaintiff, to recover such pecuniary loss she has sustained, if any, by the death of the said Albert Richards, by being deprived of any contributions which the evidence shows with reasonable certainty she probably would receive in the future from her deceased son after he reached his majority, if you find she probably would receive such contributions. And, in this connection you may consider the disposition, health, intelligence, affection, and inclination, and intentions of the deceased in determining whether or not she probably would receive any such contributions. In arriving at the plaintiff's damages, if any, you may consider also, the loss of the society, aid and comfort which the said Lula Richards has sustained by reason of the death of said deceased, but you cannot allow her damages for any physical or mental pain or anguish which she has in the past or will in the future suffer, nor can you be actuated by sympathy for the said Lula Richards on account of the death of said deceased in determining the amount of her recovery, if any, but your verdict, if you find in favor of the plaintiff, must be confined to the pecuniary loss, if any, which she has sustained, and your verdict in no event can exceed the amount claimed by the plaintiff, to wit, $20,000."

The defendant contends the language of the court telling the jury that in arriving at the plaintiff's damages, if any, they may consider, also, the loss of the society, aid, and comfort which the said Lula Richards has sustained by reason of the death of the said deceased, is erroneous; citing Blunt v. C., R. I. & P. Ry. Co. et al., 70 Oklahoma,

173 Pac. 656: M. O. & G. Ry. Co. et al. v. Lee, 73 Oklahoma, 175 Pac. 367.

But a comparison of the language complained of and its connection with the instructions in the cases cited will show that there is a very wide difference. The court, in the instruction complained of, while telling the jury that in arriving at plaintiff's damages they may consider also the loss of the society, aid, and comfort which the mother has sustained by reason of her son's death, and without any break in the language except a comma, warns them that they cannot allow her damages for anything but pecuniary loss. The court also tells them in the beginning of this paragraph that the plaintiff can recover only for pecuniary loss. If the language is erroneous, taking it in its connection where the court speaks in plain language telling the jury that plaintiff cannot recover for any loss except pecuniary loss, it could be only harmless error.

We consider the plaintiff's argument answering the defendant on this point very fitting that the defendant is not in a position to complain of this error for the reason that the record discloses the defendant was represented by able counsel, who sat by when this instruction was given by the court and failed to point out the objectionable language and to render any assistance to prevent the error complained of and contented themselves by simply saving an exception. This court has held that it is the duty of the defendant in damage suits to present to the court by way of requested instructions or in some manner to call the court's attention to the defendant's theory as to what matters the jury may consider in assessing damages, and in case of failure on the part of the defendant to do so and a verdict is rendered which is supported by the evidence, and which from the evidence is not excessive, the cause will not be reversed because the court's charge may not accurately define the measure of damages. This argument is supported by the following well-considered cases: Ft. Smith & W. Ry. Co. v. Moore, 66 Okla. 322, 169 Pac. 907; Lusk et al v. Kennedy et al., 73 Oklahoma, 176 Pac. 502; Dodson & Williams v. Parsons, 62 Okla. 298, 162 Pac. 1090: Potts Exe's' v. Zollinger, 79 Okla. 262, 192 Pac. 1099.

In the case of Ft. Smith & W. Ry. Co. v. Moore, supra, the court lays down this rule:

"The defendant was represented by thoroughly skilled counsel, familiar by long experience with the rules of law governing the matters involved, and it ought not to be the policy of this court to indulge them in the habit of sitting idly by and permitting the trial court to give slightly inaccurate instructions as to the measure of damages from which it does not appear that prejudice has resulted, merely making general objections with the hope of preserving the record, and, in case of an adverse verdict, setting the same aside, thus prolonging litigation, and in many cases, by delay, defeating substantial rights."

We do not think the jury could have been misled by these instructions, and without it is made to appear from the record that the instructions complained of possibly caused a miscarriage of justice, a reversal of the cause will not be ordered. Section 2822, Comp. Stat. 1921.

4. Defendant's fourth proposition is as follows:

"Error in the assessment of the amount of recovery. That the same is too great and for too large an amount: that the verdict and judgment is excessive."

Defendant contends that the pecuniary loss could not amount to $6,000, and that the jury must have been swayed by passion and prejudice and were without a proper understanding of the law in the case, citing the following authorities: Tunnel Mining & Leasing Co. v. Cooper, 50 Colo. 390, 115 Pac. 901; Louisville, etc. Ry. Co. v. Fox, 11 Bush. (Ky.) 495; Muskogee Electric Traction Co. v. Harrel et al., 46 Okla. 409, 148 Pac. 1005; Weleetka Cotton Oil Co. v. Brookshire et al., 65 Okla. 293, 166 Pac. 408; Lusk et al. v. Phelps, 71 Oklahoma, 175 Pac. 756; Little Rock Ry. Co. etc., v. Baker, 33 Ark. 350, 34 Am. Rep. 34; Fox v. Oakland Consolidated Street Ry. Co. (Cal.) 50 Pac. 25; Bland v. Shrevesport Ry. Co. (La.) 20 South. 284.

These cases cannot be considered as controlling in the measure of damages in the case at bar. Each one of these cases cited was considered and determined upon its own merits according to all the facts and circumstances connected with it. No hard and fast rules should be laid down governing these cases. The damages to be awarded are for loss of services during minority and such other pecuniary loss in money value as the jury in their wise and reasonable discretion may see fit to award under all the facts and circumstances of the particular case. Muskogee Electric Traction Co. v. Harrell et al., 44 Okla. 409, 184 Pac. 1005; Shawnee Gas & Electric Company et al. v. Motesenbocker, 41 Okla. 445, 138 Pac. 790.

We have examined the voluminous record in this case and we do not believe this verdict is excessive, but just and reasonable,

based upon the facts and circumstances disclosed by the evidence and the judgment should be affirmed.

The defendant in error in her brief calls our attention to the supersedeas bond in the sum of $12,000, with H. H. Odgen and J. P. Soloman, as sureties, filed by the plaintiff in error in prosecuting this appeal to this court and asks for judgment against the sureties on said bond. The condition of the bond is to pay the amount of the judgment and costs, if said judgment is affirmed on appeal. Judgment is, therefore, awarded the defendant in error against the said sureties on said bond in the sum of $6,000, and six per cent. interest from July 8, 1921, and all costs of the suit.

By the Court: It is so ordered.