## WHITWORTH v. RILEY.

No. 18271. Opinion Filed July 24, 1928.

(Syllabus.)

1. **Automobiles—Parking Car on Wrong Side of Road with Headlights on—Rights of Oncoming Driver—Contributory Negligence for Jury.**

Where a person drives his automobile on his left of the center of a public highway in the nighttime, and the same becomes stalled in a position that would not permit passage of an automobilist to his right traveling in the opposite direction, and so stands with the headlights on to indicate a moving car, the act of permitting the car to thus remain constitutes prima facie evidence of negligence by the driver thereof in the event of a collision therewith by another automobilist going in the opposite direction, who, by virtue of the rules of the road, had the right to assume from the fact that the headlights were on that the stalled car was in motion and would be operated in conformity with the law. And in an action to recover damages in such case brought by the colliding automobilist, whether or not the plaintiff was guilty of contributory negligence in failing to stop his car or to adopt some other method in an attempt to avoid collision is a question of fact.

2. **Trial—Refusal of Inapplicable Instruction not Error.**

It is not error to refuse to give an instruction which is sound as an abstract proposition of law, but which is not applicable to the facts in the case being tried.

3. **Appeal and Error—Harmless Error—Failure to Instruct on Damages Under Cross-Petition Where Verdict for Plaintiff and Issue of Contributory Negligence Properly Submitted.**

In a damage action tried to a jury where the verdict was for plaintiff and the question of contributory negligence by plaintiff was fairly submitted to the jury, failure of the court to give an instruction upon the issue for damages raised by defendant's cross-petition was harmless error, as the verdict for plaintiff precluded recovery on such cross-petition by defendant.

4. **Same—Erroneous Instruction on Measure of Damages—Verdict Supported by Evidence.**

It is well settled by this court that where there is competent evidence to show damages alleged and the verdict is not excessive and when the complaining party does not request an instruction correctly stating the measure of damages, the cause will not be reversed because the measure of damages is inaccurately stated in the instruction.

5. **Same—Verdict for $300 Sustained.**

Record examined, and held, that the court's instructions as a whole fairly stated the law applicable to the case, and that under all the facts and circumstances the verdict and judgment were not excessive.

Commissioners' Opinion, Division No. 1.

Error from District Court, Grant County; James B. Cullison, Judge.

Action in tort by Fred L. Riley against C. B. Whitworth for damages. Judgment for plaintiff, and defendant appeals. Affirmed.

Breeden & Breeden, for plaintiff in error.

Drennan & Drennan and Sam P. Ridings, for defendant in error.

TEEHEE, C. By verdict of the jury, the

defendant in error, Fred L. Riley, herein designated as plaintiff, secured a judgment of $300 against the plaintiff in error, C. B. Whitworth, defendant below, as damages resultant of a collision of plaintiff's automobile with that of defendant.

In his petition plaintiff alleged in substance as his cause of action that, with his wife, mother, and a friend, he was driving a Ford coupe on a public highway at a moderate speed about ten o'clock at night. He saw the headlights of defendant's car ahead of him, and, it being nighttime, the same had the appearance of being in motion and traveling in the opposite direction to which plaintiff was going. As he proceeded he guided his car to the right of the center of the highway as far as possible in order to pass the oncoming car upon meeting therewith. He assumed and expected the defendant would do likewise and guide his car sufficiently to the right of the center of the highway in the direction defendant was driving to permit safe passage by plaintiff's car in conformity with the rules of the road. In attempting to pass defendant's car to plaintiff's right, he collided therewith, as the car, a Ford truck, proved to be stationary and in charge of defendant and parked on the wrong side of the road, or within three feet of the drainage ditch, that is to say, defendant's car was parked in a position to the right of the center of the highway in the direction in which plaintiff was driving, so that it was impossible to pass without colliding therewith. It was impossible for plaintiff, with the headlights of defendant's car shining in his face, to observe that the car was not in motion, and as that proved to be the case, defendant was careless and negligent in leaving the car thus standing without having taken any precaution to indicate to drivers going in the opposite direction by a proper signal or warning that his car was in a dangerous position, and that oncoming drivers could not pass to their right, and that a clear passageway was to the left of the center of the highway. By reason of this carelessness and negligence of defendant in failing to indicate his dangerous position by proper signal or warning, the collision resulted as aforesaid, by reason whereof plaintiff's car was damaged to the extent of $400, and his wife suffered personal injuries, the principal injury being a broken arm necessitating hospital treatment and professional services in the aggregate sum of $300, with plaintiff being deprived of the services of his wife, due to said personal injuries, in the value of $150, making the total damages suffered by plaintiff through the said negligence of defendant in the sum of $850, for which he prayed judgment.

Upon unsuccessful intermediate pleadings, defendant answered by specific denial of every material allegation pleaded by plaintiff as the basis of his cause of action, and further, by cross-petition, interposed the defense of contributory negligence in that plaintiff was driving at a rate of speed in excess of 35 miles per hour, and, though plaintiff sounded his horn twice when he was approximately 300 feet away, he made no effort to slacken his speed, and carelessly and negligently attempted to pass defendant's car on plaintiff's right, when he could have done so safely on his left where there was a clear roadway of 18 feet; and that, if it was impossible for plaintiff to observe whether the car was moving or standing still due to the headlights shining in his face, it was plaintiff's duty to stop his car and thus avoid the collision. That, as a result of plaintiff's negligence, defendant's car was damaged in the amount of $100, for which he prayed judgment.

Defendant first complains of the judgment on the grounds that the court erred in overruling his demurrer to plaintiff's petition, his objection to the introduction of any evidence in the cause, and his demurrer to plaintiff's evidence. These raise the question of whether or not it is actionable negligence for a person to permit his automobile to remain parked on the wrong side of the public highway with the headlights turned on without any other signal or warning to indicate that his car was in a position of danger to other users of the highway. Thereunder, defendant's contentions are to the effect that section 10164, C. O. S. 1921, commonly referred to as "The Rules of the Road," has no application to a car not in motion, and that in the circumstances of the case it was the duty of the plaintiff to exercise ordinary and reasonable care by which he could have avoided the collision by slacking the speed of his car and stopping the same, and that it was his duty so to do when he could not observe the position of defendant's car from the glare of its headlights. In support of his contentions, defendant relies on cases which in effect lay down the rule that a person is not negligent in stopping his car on the wrong side of a public highway to make repairs thereto, and that where the driver of an automobile is blinded by the headlights of an oncoming car so that he cannot see distinctly objects on the road ahead of him, and beyond the

car, it is the duty of the driver to exercise all ordinary and reasonable care and diligence as by way of slacking his speed so that his car may be stopped within the distance that such objects may be observed. The cases cited are Bauhofer v. Crawford, 16 Cal. App. 676, 117 Pac. 931; Schacht v. Quick, 178 Wis. 330, 190 N. W. 87, 25 A. L. R. 130; Smoak v. Martin, 108 S. C. 472, 94 S. E. 869; Osburn v. DeYoung, 99 N. J. Law, 204, 122 Atl. 809; Grein v. Gordon, 280 Pa. 576, 34 A. L. R. 1511; Mathers v. Botsford (Fla.) 97 So. 282 32 A. L. R. 881; Fisher v. O'Brien, 99 Kan. 621, L. R. A. 1917F, 610.

From an examination of these cases, it is clear that the rules relied on can have no application to a state of facts as is involved in the cause at bar. Plaintiff's evidence substantially established that defendant's car was parked on the wrong side of the road, that is to say, to the left of the center thereof in the direction in which defendant was headed, in charge of the defendant, with the headlights burning, and without other warning or signal to indicate defendant's dangerous position; that when it was first observed by plaintiff he thought it was a moving car coming in his direction, and that plaintiff assumed defendant would guide his car conformably to the rules of the road. His evidence further showed that plaintiff was driving on the right side of the road, and that he slackened his speed soon after seeing the headlights in front of him, the distance therefrom then being about 300 feet, and that when he observed the car was not in motion he undertook to stop by shutting off the gas and putting on the brakes and running off of the traveled roadbed with the right wheels of the car in the ditch, but was unable to stop to avoid the collision.

By said section 10164, among other things, it is provided that "vehicles in meeting each other shall keep to the right of the center of the road."

Section 10207, Id., reads as follows:

"Whenever any persons shall meet each other on any bridge or road, traveling with carriages, wagons, sleds, sleighs or other vehicle, each shall pass to the right of the middle of the traveled part of such bridge or road, so that the respective carriages or other vehicle aforesaid may pass each other without interference."

By virtue of these provisions, plaintiff had the right to assume that, as the cars approached, each would be guided to the right of the center of the highway, and therefore enable passage on the unobstructed one-half of the highway in the direction in which they were traveling. Pinder v. Wickstrom 80 Ore. 118, 156 Pac. 583; Hatch v. Daniels, 96 Vt. 89, 117 Atl. 105; I Blashfield Cyc. of Automobile Law, 416, par. 23. The fact that defendant's car was not in motion did not place him without the purview of these statutory provisions. Hanser v. Youngs, 212 Mich. 508, 180 N. W. 409. Furthermore, defendant was under the rule of law (chapter 16, S. L. 1923) which declares that everyone operating an automobile on the public highways of the state is required to do so "in a careful and prudent manner," and with "due regard for the safety of * * * operators of other vehicles."

In Oklahoma Producing & Refining Corporation v. Freeman, 88 Okla. 166, 212 Pac. 742, it is laid down as a principle of law as follows:

"The driving of an automobile truck on the wrong side of the street in violation of the ordinance of a city providing for regulation of travel is prima facie evidence of negligence, and casts upon such party the burden of overcoming the presumption and showing that the violation of the ordinance was excusable under the circumstances existing at the time such negligence is alleged to have occurred."

This is here controlling. We are, therefore, of the opinion that where a person drives his automobile on his left of the center of a public highway in the nighttime, and the same becomes stalled in a position that would not permit passage of an automobilist to his right traveling in the opposite direction, and so stands with the headlights on to indicate a moving car, the act of permitting the car to thus remain constitutes prima facie evidence of negligence by the driver thereof in the event of a collision therewith by another automobilist going in the opposite direction, who, by virtue of the rules of the road, had the right to assume from the fact that the headlights were on that the stalled car was in motion and would be operated in conformity with the law.

Whether plaintiff was guilty of contributory negligence in failing to stop his car in the circumstances of the case, as contended by defendant, presents a question that cannot ordinarily be determined as a matter of law. In 1 Blashfield Cyc. of Automobile Law, 373, par. 10, the author declares the rule to be in this language:

"The driver who is on the right side may assume on the first appearance of the other vehicle that it will change its course, and the particular point of time when he is no longer warranted in indulging such assumption is for the jury in an action for injuries resulting from a collision."

The principle is here controlling. Pinder v. Wickstrom, supra; Hatch v. Daniels, supra; St. Louis-S. F. Ry. Co. v. Rundell, 108 Okla. 132, 235 Pac. 491 In Hatch v. Daniels, the reason of the rule was stated as follows:

"When one is confronted with · a sudden peril, as the plaintiff was, he is not held to the exercise of the same degree of care as when he has time for reflection. Kilpatrick v. Grand Trunk Ry. Co., 74 Vt. 288, 52 Atl. 531, 93 A. S. R. 887; Griffin ʋ. Boston & Maine R. R., 87 Vt. 278, 89 Atl. 220; Sanderson v. Boston & Maine R. R., 91 Vt. 419, 101 Atl. 40. The law recognizes the fact that a prudent man, so brought face to face with an unexpected danger, may fail to use the best judgment; may omit some precaution he could have taken; may not choose the best available method of meeting the dangers of the situation. Centofanti v. Pennsylvania R. Co., 244 Penn. 255, 90 Atl. 558; Cole Motor Car Co. v. Ludorff, 61 Ind. App. 119, 111 N. E. 447; Pennsylvania R. Co. v. Snyder, 55 Ohio St. 342, 45 N. E. 559, 60 A. S. R. 700; Moore v. Maine Central R. Co., 106 Me. 297, 76 Atl. 871. In such circumstances, the doctrine of the last clear chance is inapplicable if, indeed, it is ever available against a plaintiff. When one, without his own fault but through the negligence of another, is so situated, he is not ordinarily, if ever, chargeable, as a matter of law, with contributory negligence. if, in attempting to escape the danger, he makes a mistake in the method adopted. The question is, what would or might a prudent man, in the same circumstances, do (Mayer v. Mellette, 65 Ind. App. 54, 114 N. E. 241, 20 R. C. L. 135), and this question is for the jury. 1 Thomp. Neg. secs. 195, 441; Alabama Great Southern R. Co. v. Hunt, 204 Ala. 504, 86 So. 100; Westcoat v. Decker, 85 N. J. Law, 716, 90 Atl. 290, 20 R. C. L. 134-5; Kilpatrick v. Grand Trunk Ry. Co., supra; Griffin v. Boston & Maine R. R., supra."

In the Rundell Case from our court, in applying the principle, it was said:

"Each case must stand upon its own merits, and the question is ordinarily one for the jury to determine."

It follows, therefore, that defendant's contentions hereunder urged under the record as here presented are not well taken and that the court did not err in the rulings excepted to by the defendant.

Defendant's next contentions go to the refusal and giving of certain instructions. We have carefully examined the instructions of the court objected to with all of the other instructions given on the court's own motion, and are of the judgment that they, as a whole, fairly stated the law applicable to the issues raised by the pleadings of the parties and supported by proper evidence, with the exception that there was no instruction covering the issue raised by defendant's cross-petition, wherein defendant prayed judgment against the plaintiff for the damages sustained to his automobile by reason of the collision, to which reference will hereinafter be made. We also have carefully examined the requested instructions which were by the court refused, and, while they generally stated principles of law as laid down by the cases on which the defendant relied in support of his contentions already considered, yet they were not applicable to the state of this case, for which reason refusal thereof was not error. St. Louis & S. F. R. Co. v. Henry, 46 Okla. 526, 149 Pac. 132.

Upon the question of the failure of the court to instruct the jury on the issue raised by defendant's cross-petition, while it is the duty of the court to instruct on every issue and the theory of the respective parties, in view of the fact that the jury, by their verdict, found in favor of the plaintiff, the question of any liability to the defendant was necessarily foreclosed, for the court instructed upon the question of contributory negligence on the part of the plaintiff. The failure of the court to give such instruction, therefore, was harmless error, for to hold plaintiff liable, the jury necessarily must have found that plaintiff was guilty of negligence.

The other question requiring our notice hereunder goes to the measure of damages. The court instructed the jury that they might take into consideration the nature and extent of the injuries, if any, sustained by plaintiff's wife, and pain suffered and disability, if any, resulting therefrom in connection with loss of time and wages, if any, during her disability. Defendant contends that this was an erroneous measure of damages. We concur with defendant's contention in this connection, but, as it appears from the record that the amount of damages awarded is not excessive, and much less than the amount prayed for by plaintiff in his petition, and much less than the amount shown to have been incurred by the evidence in the case, we cannot say that the jury were misled to the extent that the incorrect statement of the measure of damages in this case constitutes reversible error. Muskogee Elec. Tr. Co. v. Richards, 97 Okla. 61, 222 Pac. 265. Furthermore, it does not appear that defendant requested an instruction omitting the objectionable part of the instruction given, and, as already stated, the verdict not being excessive, he was in

no position to complain. Muskogee Elec. Tr. Co. v. Richards, supra.

Defendant finally contends that the judgment was contrary to the law and the evidence. This raises no question not already considered under the topic of negligence whereunder our conclusions were adverse to defendant.

Upon the whole record, therefore, we cannot say that the cause should be reversed. The judgment of the district court is therefore affirmed.

BENNETT, FOSTER, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 42 C. J. p. 1012, §743; p. 1262, §1099. (2) 38 Cyc. p. 1613; 14 R. C. L. p. 783. (3) 4 C. J. p. 1052, §3034. (4) 4 C. J. p. 1053, §3035. (5) 4 C. J. p. 871, §2847; L. R. A. 1915F, 30.