ELLEN S. KEIM, Appellant, v. CITY OF FORT DODGE.

**Sidewalks:** EVIDENCE: KNOWLEDGE OF DEFECTIVE WALK. In an action for injury at night from an alleged gutter apron, evidence that the apron was the same as those which were and for a long time prior had been in general use in the city, was admissible as bearing upon plaintiff's knowledge of the same, it appearing that she had been a resident of the city for several years and had used the walks as pedestrians usually do.

**Evidence:** BELIEF THAT WALK WAS SAFE. Where plaintiff contended that she did not know of the defect in the walk until after the accident, her belief that she could safely pass over the same was immaterial.

**Evidence:** ABILITY TO DISCOVER DEFECT IN WALK. Where it appeared that the city had undertaken to light its streets, but that no light

was located at the corner where the accident occurred, and the evidence was conflicting as to whether the lights were burning at the time of the injury, it was competent for plaintiff to show that the lamps were burning and did not give sufficient light at the place of accident to disclose the defective character of the walk.

**Ordinary care:** INSTRUCTIONS. Where the court instructed generally
4 that a pedestrian is required to use ordinary care to avoid an accident, a further instruction that if plaintiff knew of the defect in the walk or if the street was dimly lighted, she was bound to use "a greater degree of care" than if she had no knowledge of the defect or if the street was well lighted, was misleading.

*Appeal from Webster District Court.*— HON. J. R. WHITAKER, Judge.

WEDNESDAY, NOVEMBER 16, 1904.

SUIT to recover damages for a personal injury caused by a defective sidewalk. Trial to a jury, and a verdict and judgment for the defendant, from which the plaintiff appeals.— *Reversed.*

*Healy Bros. & Kelleher,* for appellant.

*M. J. Mitchell* and *Wright & Nugent,* for appellee.

SHERWIN, J.— This action is based upon the negligent construction of an apron or approach leading across the gutter from the end of the sidewalk to the street crossing proper. The apron was set in from the outer edge of the walk about a foot, and while the plaintiff was passing along the walk, and when she reached the end thereof, she stepped therefrom into the ditch or gutter, and received the injury complained of. This occurred at about 9 o'clock at night. The plaintiff had been living in Ft. Dodge for several years before the accident, and had used its streets and sidewalks as pedestrians usually do. The defendant was permitted to prove, over the objection of the plaintiff, that the apron in question

1. EVIDENCE: knowledge of defective walk.

was similar to those used generally in the city at that time and long prior · thereto. This evidence was admissible, not for the purpose of excusing the defendant's negligence, but for the purpose of showing the plaintiff's general knowledge of the aprons in use in the city. If she had actual knowledge of this matter, or if, by a long use of the streets and walks, she should have known thereof, it was a proper subject for the jury to consider in determining whether she was herself exercising ordinary care at the time she was injured. *McKee v. C., R. I. & P. Ry. Co.,* 83 Iowa, 616; *Coates v. B., C. R. & N. Ry. Co.,* 62 Iowa, 486; *Couch v. The Watson Coal Co.,* 46 Iowa, 17.

The appellant offered to prove that she believed that she could safely use the walk in question, but according to her pleading and to her own testimony she did not know of the defective apron until after she was injured, and such being the case, her belief was immaterial. Had she known of the defect, and then chosen that route rather than another known to be safe, the testimony would have been competent under the repeated holdings of this court. *Nichols v. Town of Laurens,* 96 Iowa, 388, and similar cases.

2. EVIDENCE: belief that walk was safe.

The evidence showed that the city had undertaken to light its streets by the use of arc electric lights; that there were several of such lights at street intersections distant from the place of the accident from three hundred and fifty feet to one thousand and two hundred feet, but that no lamp was located at this particular corner. There was a conflict in the evidence as to whether the surrounding lamps were burning at the time, and the appellant offered testimony tending to show that, when burning, the lamps did not furnish sufficient light at the place of the accident to disclose the defective character of the apron. We think this evidence should have been received. While it is true that the city was not bound to light its streets in the first instance, having undertaken to

3. EVIDENCE: ability to discover defect in walk.

do so, it was competent to show the efficiency of the service as bearing upon the question of its negligence and the appellant's contributory negligence. Of course, the precise question for determination was the condition at the time of the accident, but, if the corner was dark when the lights were on, the evidence was clearly competent for the purposes indicated. 2 Dillon's Municipal Corporations (4th Ed.) section 1010; *Freeport v. Isbell,* 83 Ill. 440, 25 Am. Rep. 407.

On the question of contributory negligence the court instructed generally that the plaintiff was required to use ordinary care in using the walk, but in its twelfth instruction the jury was told that, if the gutter crossing was in the dark, or but dimly lighted, it was the duty of the plaintiff to exercise a greater degree of care than if the same were well lighted. What the court had in mind, and the thought sought to be conveyed, was undoubtedly that greater caution or watchfulness would be necessary to constitute ordinary care under such circumstances, and it is possible that the jury may have so understood the instruction. It was misleading, however; and, while we would not feel inclined to reverse on this ground alone, we cannot approve the language used. *Stier v. City of Oskaloosa,* 41 Iowa, 353; *Hall v. Town of Manson,* 90 Iowa, 588, *Langhammer v. City of Manchester,* 99 Iowa, 295. The same criticism applies also to the statement in the same instruction that, if the plaintiff knew of the existence of the gutter, she was bound to use " greater degree of care to be on the lookout to avoid the same than if she had no knowledge of its existence." *Hamilton v. Des Moines Valley R. R. Co.,* 36 Iowa, 38; *Mathews v. City of Cedar Rapids,* 80 Iowa, 459; *Matthieson v. Burlington, C. R. & N. W. R. R. Co.,* 125 Iowa, 90.

What we have said regarding the latter part of instruction 12 applies as well to a part of instruction 10.

4. Ordinary
care: in-
structions.

Other errors argued are not likely to arise upon a retrial of the case, and we shall not further notice them.

For the reasons indicated, the judgment is *reversed*.