## CITY OF KINGFISHER v. WILLIAMS.

No. 18254. Opinion Filed Sept. 11, 1928.

Rehearing Denied Dec. 4, 1928.

E. M. Bradley, for plaintiff in error.

Twyford & Smith, W. R. Withington, and H. C. Brownlee, for defendant in error.

JEFFREY, C. This is an appeal from the district court of Kingfisher county. Savilla E. Williams, as plaintiff, filed her action in the trial court on December 8, 1925, against the city of Kingfisher, as defendant, for damages on account of personal injuries sustained by falling while walking along a sidewalk in said city. By the amended petition upon which the cause was tried, plaintiff alleged that Admire avenue, in said city, extended east and west, and that an alleyway extended north and south into said avenue about the center of block 22 of said city; that at the intersection of said alley and the sidewalk along the north side of block 22 of said city, the alley crossing and the sidewalk were so constructed that there was a precipitous step-off from the sidewalk to the alley, ranging from eight inches at the property line to 15 or 16 inches at the north edge of said walk. Plaintiff further alleged that on the evening of September 9, 1925, while walking in an easterly direction along the sidewalk above described, and while it was becoming dark, she, not knowing the condition of said walk and being unable to see the step-off by reason of darkness and shadows, stepped into said alley and fell, which resulted in many bruises about her face and body and a compound fracture of her left hand. Plaintiff alleged negligence on the part of the city in the manner of the construction and maintenance of said sidewalk and alley crossing, and its failure to maintain suitable illumination at said place so as to make said sidewalk a reasonably safe place for pedestrians to travel upon. All material allegations of fact were substantially supported by plaintiff's evidence at the trial.

The cause was tried to a jury on December 18, 1926, and a verdict rendered in favor of plaintiff for the sum of $1,000. Judgment was duly rendered thereon, and defendant has appealed.

Defendant's first specification of error is that the verdict is excessive and appears to have been given under the influence of passion and prejudice. In this connection, the evidence shows that plaintiff was a widow about 70 years of age; that prior to her injury she enjoyed good health, cleared about $100 per month over and above her expenses, and supported herself entirely. The evidence further shows that when plaintiff fell, she received severe bruises on her head and face and a compound fracture of the left wrist; that she suffered severe pain for about one year, and still suffered at times at the date of the trial; that since the injury, plaintiff had been unable to close her fingers on her left hand and was unable to grip an object in her hand, which condition was permanent, and she was extremely nervous. The evidence further shows that she had only been able to earn the sum of $50 from the date of her accident to the date of the trial, and had to depend upon her daughter for support. In view of this evidence, we cannot say the verdict is excessive. Neither do we find anything in the record to indicate that the jury acted upon prejudice and passion.

It is next contended that the verdict of the jury was not sustained by sufficient evidence. To this contention counsel for plaintiff answers that defendant did not demur to plaintiff's evidence, or ask for an instructed verdict. And, in the absence of an adverse ruling by the trial court on a demurrer to the evidence or a request for an instructed verdict, such an assignment of error presents no question to this court for review on appeal. It does not appear from the record that the defendant interposed a demurrer to plaintiff's evidence, or that it asked for an instructed verdict. Under such a record, the objection that the evidence is insufficient to support the verdict of the jury will be considered as waived, and an assignment of error based thereon presents no question for review on appeal. McIver v. Katsiolis. 93 Okla. 49, 217 Pac. 422; Kent v. Security State Bank, 112 Okla. 154, 240 Pac. 624.

The next specification of error is that the verdict is without authority of law and is

contrary to law. This specification, together with the argument presented, is to the effect that there was no evidence of actionable negligence on the part of the defendant. No contention is made that the verdict was not in proper form, or was not within the issues formed by the pleadings and the evidence. In considering this assignment of error, we are again confronted with the objection that this objection was waived by a failure to demur to the evidence, or to ask for an instructed verdict upon the evidence. It appears that the objection to this specification of error is well taken under the authorities above cited. See, also, Beam v. Farmers' & Merchants' Bank, 104 Okla. 158, 230 Pac. 881.

However, we have examined the argument in support of this assignment, and the questions presented, namely: Whether the city exercised ordinary care to keep its sidewalks and crossing in a reasonably safe condition; whether plaintiff was guilty of contributory negligence; and whether defendant had notice of the alleged defect, are questions of fact for the jury. There is some evidence justifying the submission of these questions to the jury. They were submitted under correct instructions, and by the jury's verdict we are foreclosed from further considering them.

The defendant requested an instruction to the effect that said defendant was no insurer against accident to the plaintiff, nor guarantor of the safety of the plaintiff while traveling on its streets, and that it need not have kept its public streets in perfect or absolutely safe condition, but that its duty in that respect was adequately discharged if it exercised ordinary care to keep the same in a reasonably safe condition day or night. This instruction was refused by the court and the refusal assigned as error. In the third paragraph of the instructions given the jury, the court instructed the jury that a municipal corporation, such as the defendant in this case, is bound by law to use only ordinary care and diligence to keep its streets and sidewalks in a reasonably safe condition for public use for ordinary modes of travel day or night. So it is apparent that the jury was instructed as to what degree of care and diligence defendant owed plaintiff, and limited it so as to exclude such matters as are incorporated in the requested instruction. When an affirmative instruction is given a jury, defining a party's legal duties, it is not necessary to also state the instruction in such a way as to negative all other cases. It may also be said that

when the court clearly and fairly defines the law of the particular case to the jury, it is not necessary to instruct upon abstract propositions of law not applicable or necessary, even though they be requested and correctly state the law.

Defendant requested the following instruction:

"No. 7. The court instructs the jury that if you find that the plaintiff, by exercise of reasonable care and diligence, could have avoided such accident and injury complained of by her, and failed to do so, then there can be no recovery by her, if such failure on her part contributed to the happening of the accident; and this is true even though you may find that the defendant also failed to exercise reasonable care. Offered by the defendant. Refused by the court. Excepted to by defendant. James B. Cullison, Judge."

This instruction was refused, and its refusal is here assigned as error. Defendant properly pleaded contributory negligence as one of its defenses, and there being some evidence offered tending to show contributory negligence, it was entitled to have the jury instructed on this phase of the law. In the first instruction given, the jury was told that while the city was bound to use reasonable care and diligence to keep and maintain the streets and walks in a safe condition for ordinary modes of travel by day or night, it would not be liable to plaintiff for any injury sustained by her unless the plaintiff exercised reasonable care and caution in crossing or attempting to cross the same; and that if by ordinary care and diligence plaintiff could have avoided the consequences of defendant's negligence, if any there was, she could not recover from the defendant herein. Again, in the concluding lines of the third instruction, the jury was told that if it found from the evidence that the plaintiff did not use ordinary care in crossing said alley-way, that then and under such circumstances the plaintiff cannot recover. A number of the other instructions conclude by telling the jury, in effect, that if they should find that plaintiff did not use ordinary care to avoid the injury at the time she fell, she could not recover. The court also defined ordinary care and diligence, and again in that connection told the jury that if plaintiff failed to use ordinary care and diligence, she could not lawfully recover. We think the court amply covered the law of contributory negligence in its charge, and that it was not error to refuse the requested instruction. Muskogee Electric Traction Co. v. Richards, 97 Okla. 61, 222 Pac. 265.

Defendant complains of the court's re-

fusal to give requested instructions Nos. 5 and 6. By instruction No. 6 it was sought to have the jury instructed that the fact that the city of Kingfisher owned and maintained a lighting system at the time of plaintiff's injuries should not be regarded for or against the plaintiff or defendant in the case. Instruction No. 5 sought to have the jury instructed that the city was under no duty to light its streets and alley-ways; that it might leave its streets unlighted if it desired, and, if it did so, it could not be held liable in damages to plaintiff because of its failure to do so, even though plaintiff's injury might have resulted from the failure of the defendant to light the crossing where the injury occurred. We are not unmindful of the fact that a municipality is not required to maintain a system of street lights in the absence of statutory, constitutional, or charter provisions requiring such. But, as stated in the court's instructions to the jury, it was the duty of the municipality to use ordinary care and diligence to keep its streets and sidewalks in a reasonably safe condition for public use for ordinary modes of travel day or night. In many instances, the failure to maintain street lights would not be pertinent to an issue growing out of injuries sustained while traveling upon municipal streets. However, in some cases the question of lights or other signals would have a particular bearing upon whether or not the streets and sidewalks maintained for public travel were maintained in a reasonably safe condition. If a barrier should be erected by the municipality across a portion of its street, it would then be apparent that the failure to maintain a light or signal at such point to warn persons using the street at night would be evidence of negligence. At any point where the streets are permitted to remain in a dangerous or unsafe condition, certainly a municipality would be falling short of its legal duty if it failed to maintain some form of illumination or signal at night to warn persons who had a right to use the streets. The jury had a right to consider the absence of a light, or other warning at the point of the precipitous step-off, as to whether or not the municipality had maintained its sidewalk and alley crossing in a reasonably safe condition for those who had a right to use the same. The correct rule is aptly stated in McQuillin on Municipal Corporations, vol 8, pp. 8428 and 8429, as follows:

"If the public ways are in a reasonably safe condition for travel, containing no important defects, or unsafe places, a munici-pal corporation has a broad discretion as to the number and character of lights that it will establish, and cannot be held liable in damages for the failure to furnish such number and quality of lights as would better illuminate the streets than those provided. If a municipality allows a street to remain out of repair, or in a dangerous condition, the fact of the absence of lights or safeguards of any character at the place may be considered along with all of the other evidence in determining whether there is negligence in failing to keep the streets in a reasonably safe condition for passage."

See, also, White v. City of Newborne, 146 N. C. 447, 59 S. E. 992; Williams v. Mayor and Council of Washington, 142 Ga. 281, 82 S. E. 656; Keim v. City of Ft. Dodge, 126 Ia. 27, 101 N. W. 443.

We find no error in the record, and the judgment of the trial court is affirmed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.