## DEWITT v. JOHNSON.

No. 22785.   Jan. 29, 1935.

Rehearing Denied Feb. 26, 1935.

H. L. Smith, for plaintiff in error.

J. C. Daugherty, for defendant in error.

PER CURIAM. Beulah B. Johnson, a minor, sued to recover damages for personal injuries on account of being struck and knocked down by an automobile owned and operated by the defendant, Ernest Dewitt. Damages were claimed for pain and suffering, impairment of strength, injuries to her leg and stomach, and permanent injuries. The jury awarded a verdict to the plaintiff in the sum of $2,000. From the judgment rendered, after motion for new trial was overruled, the defendant Dewitt appeals. The parties will be referred to as they appeared in the court below.

From the record it appears that plaintiff, a young child of seven years, was struck by a Hudson sedan being driven by the defendant on October 1, 1929, at the intersection of Second street and Keeler avenue in the city of Bartlesville. At the time of the accident defendant was driving west on Second street, and plaintiff was attempting to go from the north side of the street to the south side of Second street. She was traveling in the lane or space marked off for use of pedestrians, and was a little more than half way across at the time she was struck by the defendant's car. The plaintiff's eyewitnesses testified that the rear wheel of the car ran over plaintiff's body. Defendant and the young lady riding with him at the time could not say whether the car ran over plaintiff or not. The evidence, however, amply sustained plaintiff's charge of negligence, the defendant himself testifying that he did not see the plaintiff or know he had struck her until "Daisy," the young lady riding with him, "hollered that he had struck a child."

The defendant first contends that the trial court erred in permitting the mother of the plaintiff to testify concerning expressions of pain and suffering made to her by the plaintiff, some of them occurring long after the accident.

The plaintiff is a child of tender years, and there was no showing at the trial that these complaints were not spontaneous and natural, but the defendant urges that plaintiff's testimony concerning the same is hearsay and inadmissible. In support of this contention, defendant cites several cases from New York, one from Georgia and a federal court case from the Ninth Circuit, holding that unless made to a physician or as part of the res gestae, evidence of complaints of pain and suffering are not admissible.

The general rule is well stated in 64 A. L. R. 557:

"It is a well settled general rule that, where the bodily or mental feelings of a person are to be proved, the usual and natural expressions and exclamations of such person which are the spontaneous manifestations of pain and naturally flow from the pain being suffered by him at the time, are competent and original evidence which may be testified to by any party in whose presence they are uttered."

And in support of this rule, cases are cited from Alabama, Arkansas, California, Connecticut, Colorado, Delaware, Florida, Illinois, Indiana, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Kansas, Kentucky, and many other states. In the same annotation it is said:

"The facts that expressions of present pain are made long after the injury is received will not render them inadmissible."

Wigmore on Evidence (2nd Ed.) vol. 3, pp. 684, 687, has the following to say concerning the admissibility of pain statements:

"The general requirement (as the pre-

ceding quotations indicate) is merely that the statements shall be the spontaneous and natural expressions of the pain or suffering. This principle has in some cases been applied with extreme liberality. The main difficulty here has arisen over the question whether the rule is to be restricted to accounts of symptoms given by a patient in consultation with a physician for the cure of the illness. The origin of this supposed limitation seems to have been the language of Chief Justice Bigelow in a much cited Massachusetts opinion having some difficulties of interpretation. Barber v. Merriam, 11 All. 322. (Quoting therefrom.)

"***Such has been the construction of the language in Massachusetts: and a general limitation to physicians is today not recognized in that state, nor in most jurisdictions, as having anything to do with ordinary present pain statements.

"But in New York and a few other jurisdictions following the New York rulings, the doctrine has been established (apparently by a misconstruction of the widely quoted language in Barber v. Merriam) that all pain statements whatever are subject to the general limitation that they must have been made to a physician during consultation.* * *

"The truth seems to be that the New York limitation is inconsistent alike with precedent, with principle, with good sense, and with itself. Unfortunately, however, its place as a local anomaly has not always been perceived, and courts in several other jurisdictions have accepted the physician-limitation of the, modern New York cases as if they represented the orthodox rule. In a few other jurisdictions the limitation has been expressly or impliedly repudiated; in the remaining jurisdictions the orthodox rule, making no such limitation. would presumably be perpetuated."

In the case of Strudgeon v. Sand Beach, 107 Mich. 496, 65 N. W. 616, it was expressly held that exclamations of pain made by a child in his own home, even though during the pendency of suit, were admissible, the court saying:

"In the present case, the exclamations were made by a child of tender years, in his own home, and not in the presence of any medical attendants, and under circumstances which indicated that they were natural and ordinary exclamations of pain called out by the suffering of the plaintiff, and not by any motive of making testimony for himself."

Under the authorities cited in Wigmore and 65 A. L. R. 557, supra, as well as the cases referred to in vol. 22 of Corpus Juris, at page 267, the general rule seems to be that evidence of complaints of pain and suffering if spontaneous and natural are admissible whether made to a physician or any one else. We prefer to follow the general rule rather than the New York physician-limitation rule, and accordingly hold that the trial court did not err in admitting the testimony of the mother of plaintiff concerning the complaints made to her by the plaintiff tending to show pain.

The defendant next contends that the trial court erred in giving to the jury instruction No. 8, relating to contributory negligence. That instruction is as follows:

"You are instructed that the defendant has interposed, as one of his defenses in this case, what is known in law as contributory negligence. And, in connection therewith, you are instructed that contributory negligence in this case is an act or omission on the part of the plaintiff amounting to a want of ordinary care, which concurring or co-operating with the negligence of the defendant, is the proximate cause of the injuries of the plaintiff. If, therefore, you find that the plaintiff was negligent, which directly and proximately contributed to her injuries, and you find that such negligence directly or proximately contributed to plaintiff's injuries, then the plaintiff cannot recover.

"You are further instructed that the defense of contributory negligence is an affirmative defense, and before it can avail the defendant, he must prove, by a preponderance of evidence, all the necessary elements going to compose such contributory negligence."

It is urged that the giving of the last paragraph of this instruction constitutes reversible error, and cases are cited to show that the jury might have been misled thereby into believing that the evidence showing contributory negligence must have been introduced by the defendant before it could be considered, and that the jury had no right to consider evidence introduced by the plaintiff in determining the question of contributory negligence. The last paragraph of instruction No. 8, standing alone, is open to this construction, but considering instruction No. 8 as a whole, together with instruction No. 15, wherein the trial court said:

"And, further, if you believe from a preponderance of the evidence, that the plaintiff was guilty of any act or omission that in any wise contributed to her injury, if any she received, and any act or omission on her part in connection with the acts or omissions of the defendant, proximately contributed to her injury, then she could not recover and your verdict should be for the defendant."

—we do not believe that the jury was misled thereby into believing that the evidence introduced by plaintiff could not be considered in determining the question of contributory negligence. Indeed we believe the instructions of the trial court upon the subject of contributory negligence were much more favorable to the defendant than the evidence and the law applicable warranted. The plaintiff, Beulah B. Johnson, at the time of the accident was an infant of the age of seven years, four months and 27 days, yet the trial court instructed the jury that if she was guilty of negligence she could not recover, and in his instructions held the plaintiff to the standard of care required of an ordinarily prudent person. (See instruction No. 12): No instruction was given concerning the capacity of infants or the standard of care exacted from infants by the law. No evidence was introduced showing the mental capacity of the plaintiff. The rule of law in regard to the negligence of an adult is quite different from that regarding an infant of tender years, as pointed out by the United States Supreme Court in the case of Washington & Georgetown R. Co. v. Gladmon, 15 Wall. 401, 408, 21 L. Ed. 114, an action to recover damages against a street car company for injuries to a seven-year old child, wherein the question of contributory negligence was involved. In that case the court said:

"The rule of law in regard to the negligence of an adult and the rule in regard to that of an infant of tender years is quite different. By the adult there must be given that care and attention for his own protection that is ordinarily exercised by persons of intelligence and discretion. If he fails to give it, his injury is the result of his own folly, and cannot be visited upon another. Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. Of a child of three years of age, less caution would be required than of one of seven; and of a child of seven less than of one of twelve or fifteen. The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case."

In support of his attack upon instruction No. 8, the defendant fails to set forth any evidence introduced by the plaintiff tending to show contributory negligence. Unless there was some evidence of this character offered by plaintiff, it was not error for the trial court to peremptorily instruct the jury that before the defendant can avail himself of the plea of contributory negligence, he must prove, by a preponderance of evidence, all the necessary elements going to compose such contributory negligence.

"In an action for personal injury, where the defendants allege that plaintiff was guilty of contributory negligence and plaintiff's evidence shows the defendants guilty of negligence, with nothing in the circumstances establishing contributory negligence on his part, it is error for the court to refuse to instruct the jury that the burden of proving contributory negligence is on the defendants." Marth v. Kingfisher Commercial Club et al., 44 Okla. 514, 144 P. 1047.

"Instruction No. 10 informs the jury that before the defendant company can relieve itself of liability on the ground of contributory negligence, it must prove such defense by a preponderance of the evidence. The plaintiff in error is not in a position to complain of this instruction, for the evidence here offered by the defendant in error cannot be said to establish or by inference to show, contributory negligence upon the part of the defendant in error * * * The only objection urged by the plaintiff in error to this instruction No. 10 is that it curtails the right of the plaintiff in error to rely upon any contributory negligence that might be shown by the plaintiff's evidence. There being none apparent in this record, the objection to said instruction is not tenable." C., R. I. & P. Ry. Co. v. Dizney, 61 Okla. 176, 160 P. 880.

It is true that the evidence of the plaintiff shows that she was running across the street in the lane set aside for pedestrians at the intersection when she was injured. Two eyewitnesses offered by plaintiff testified in relation thereto. One of them, Mr. Stapp, testified that plaintiff was a little over half way across the street when he first saw her, and that he saw her running and the car driven by defendant approaching. The other witness, Jeffie Jones, testified that plaintiff started to run when the car "was getting pretty close," and that she started to run "to get out of the way of the car." The plaintiff did not testify as to the manner in which she attempted to cross the street.

Under this testimony, with no evidence as to the capacity of plaintiff, a child barely past the age of seven, can it be said that the evidence of plaintiff disclosed contributory negligence on her part? We think not.

Contributory negligence on the part of a child of seven years is never presumed. The presumption of incapacity prevails in the absence of evidence to the contrary.

"Infants of tender years are not pre-

sumed to have discretion, and are not, as a matter of law, held amenable to the disabling effects of contributory negligence. The question whether a seven year old child has sufficient capacity and discretion to render it guilty of contributory negligence is for the consideration of a jury." Bellamy et ux. v. Kansas City Rwys. Co. (Kan. 1921) 196 P. 1104.

"A child * * * seven * * * years of age is prima facie incapable of exercising judgment and discretion, but evidence may be received to show capacity. If capacity be shown, the general rule of contributory negligence is applicable. * * * The proof shows that the child was a few months over seven years of age, but there was no evidence tending to show the requisite capacity. In such case the presumption of incapacity prevails." Pratt Coal & Iron Co. v. Brawley, 83 Ala. 371, 3 So. 555.

This court has likewise held that a child between seven and 14 years of age is presumed to be incapable of guilt of more than technical trespass in the absence of evidence of capacity. City of Shawnee v. Cheek, 41 Okla. 227, 137 P. 724; C., R. I. & P. Ry. Co. v. Wright, 62 Okla. 134, 161 P. 1070.

Under the circumstances of this case, we cannot say that the action of the trial court in giving instruction No. 8, constituted reversible error.

It is also argued that the court erred in submitting to the jury plaintiff's claim for permanent injuries. This assignment is based upon the giving of instruction No. 1, wherein the court stated in substance the contents of the pleadings, including the amended petition of plaintiff, wherein it is alleged that plaintiff was crushed, maimed, and bruised, and thereby sustained serious and permanent injuries, etc. This instruction while not commendable did not submit to the jury the question of whether plaintiff's injuries were permanent. It was merely a statement of what the pleadings contained, the court saying:

"This abstract, or abridgment, of these pleadings is given to you for the sole purpose of apprising you of the claims of the plaintiff and the defendant in this lawsuit and to show you the controverted issues of fact which you must pass on in rendering your verdict in this case. Of course, these pleadings are not to be taken as evidence in the case, but, so far as you are concerned, their only purpose is to acquaint you with the claims of the parties to this action."

With this caution and admonition on the part of the court, together with the further direction to the jury in instruction No. 7, to the effect that if the jury should find for the plaintiff their verdict should fix such damages as in their judgment would reasonably compensate her "for the pain and suffering and for her injuries she received not exceeding the sum of $10,000, the amount sued for," we cannot say that the jury was misled as to the measure of damages or that prejudicial error resulted from the giving of instruction No. 1.

Complaint is made as to the failure of the trial court to give defendant's requested instructions Nos. 12 and 15. These instructions related to the duty of the jury to avoid guess-work and speculation in arriving at a verdict and their duty to render a verdict in favor of the defendant in case the jury should find the evidence to be evenly balanced and a lack of preponderance in favor of the plaintiff. We have carefully examined the court's instructions, and find that the jury was adequately and fully instructed as to the burden of proof and preponderance of evidence, and that the giving of these requested instructions was unnecessary. Consequently, the failure to give them was not error.

The verdict is assailed as excessive. The jury heard the evidence and assessed $2,000 damages. The trial court in overruling the motion for new trial approved the same. The evidence shows that plaintiff was struck by a heavy automobile, knocked down and run over, one wheel of the car passing over her leg or thigh, and that plaintiff sustained several wounds to her abdomen. According to her mother, she suffered pain from the time of the injury up to the time of trial, a period of some 16 months, and had not regained the full use of the injured limb. She also lost considerable time from school. Under the circumstances, we cannot say that the verdict is excessive, no passion or prejudice being shown.

The judgment of the trial court should be, and is, affirmed.

The Supreme Court acknowledges the aid of Attorneys John L. Goode, I. C. Saunders, and E. C. Stanard in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Goode, and approved by Mr. Saunders and Mr. Stanard, the cause was assigned to a Justice of this court for examination

and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.