EAGLE-PICHER MINING & SMELTING CO. et al. v. DRINKWINE.

No. 30741. June 22, 1943.

Rehearing Denied Sept. 14, 1943.

*141 P. 2d 66.*

Frank Nesbitt and Nelle Nesbitt, both of Miami, and Scott & Scott and Cowgill Blair, Jr., all of Joplin, Mo., for plaintiffs in error.

A. L. Commons and H. G. E. Beauchamp, both of Miami, for defendant in error.

HURST, J. This is an appeal from a judgment allowing recovery for injuries sustained in an automobile collision. The question for decision is whether the court submitted the issues to the jury under proper instructions.

On October 2, 1940, at approximately noon, the car in which plaintiff, Grace Drinkwine, was riding as a guest was proceeding in a westerly direction on U. S. Highway 69, near Picher, Okla. The driver thereof, Claude Drinkwine, desiring to enter a filling station on the opposite or south side of the road, turned left across the center line of the highway at a point where there was no intersection, and collided with a truck approaching from the opposite direction belonging to defendant Eagle-Picher Mining & Smelting Company, and being driven by its employee, defendant Lester Clark.

Plaintiff alleged that the driver of

the car in which she was riding was operating the same with due care, that he gave proper warning of his intention to make the left turn by extending his left arm, and that the collision was proximately caused by the negligence of the defendant Clark in driving the truck at an excessive and unreasonable rate of speed.

Defendants, by answer, denied that Clark had been guilty of negligence, but asserted that the collision was caused solely by the negligence of Claude Drinkwine in suddenly turning the car which he was driving to the left, into the face of approaching traffic, without giving any signal of his intention to do so, and by the contributory negligence of plaintiff in failing to warn Drinkwine of the approaching truck. At the trial the evidence was sharply conflicting. Each side introduced substantial evidence tending to bear out the allegations of its pleading, and the proof would have supported a verdict for either party. The jury returned a verdict for plaintiff, upon which judgment was entered, and defendants appeal.

1. Defendants first contend that the trial court totally omitted to instruct the jury upon defendants' theory of the case, and that such omission constituted reversible error. Defendants requested three instructions, stating in substance that the driver of a car, proceeding in a lawful manner, has a right to assume that drivers of vehicles approaching from the opposite direction will comply with the law and use reasonable care in passing, and that if the jury found that the collision resulted solely from the negligence of the operator of the automobile in which plaintiff was riding, its verdict should be for the defendants. The court refused to give these requested instructions, but did instruct the jury that the driver of an automobile has a right to assume that other drivers of automobiles on the highway will drive the same in a lawful and prudent manner, and that unless the jury found that the driver of defendants' truck was guilty of negligence which proximately caused the injury complained of, its verdict must be for defendants.

While it is the duty of the court upon proper request to submit to the jury by proper instructions any theory of defense supported by the evidence (Western States Grocery Co. v. Mirt, 190 Okla. 299, 123 P. 2d 266; New v. Bradshaw, 89 Okla. 205, 214 P. 557), it is not error to refuse to give a special instruction requested by a party, where the proposition therein stated is substantially covered by other instructions given by the court. City of Kingfisher v. Williams, 133 Okla. 260, 272 P. 363; 64 C. J. 865; 14 R. C. L. 752, 753. Since it is undisputed that plaintiff was no more than a guest in the car in which she was riding, the negligence, if any, of the driver thereof, Claude Drinkwine, was not imputable to her. Sand Springs Ry. Co. v. McWilliams, 170 Okla. 85, 38 P. 2d 539; Shefts Supply Co. v. Purkapile, 169 Okla. 157, 36 P. 2d 275. Aside from the question of plaintiff's contributory negligence, defendants' liability depended entirely upon whether defendant Clark, the driver of the truck, was guilty of negligence which proximately caused plaintiff's injury, and the court so instructed the jury. The requested instructions that defendants were not liable if the collision was caused solely by the negligence of Claude Drinkwine simply stated the substance of the given instructions in another way.

2. Defendants urge, however, that the instructions given do not inform the jury that only operators who themselves are driving lawfully may assume that other drivers will operate their automobiles in a lawful and prudent manner. Of course, a party whose negligence has contributed to his own injury, or proximately caused the injury of another, may not absolve himself from blame by saying that he relied upon the assumption that the other party would act in a prudent manner (Skaggs v. Gypsy Oil Co., 169 Okla. 209, 36 P. 2d 865; Blashfield, Cyc. of Automobile Law and Practice, vol. 4 § 2732), but every instruction given need not embody every exception to

the proposition therein stated. It is enough if the applicable exceptions are stated in another part of the instructions, and the instructions when considered as a whole correctly state the law. Oil Reclaiming Co. v. Reagin, 169 Okla. 505, 37 P. 2d 289; Skaggs v. Gypsy Oil Co., above. In this case the court, by other instructions, defined negligence and charged the jury that if plaintiff was guilty of negligence which proximately contributed to her own injury, she could not recover. The instructions given, when considered together, stated the rule and its exception completely and correctly, and were sufficient.

3. Defendants next contend that the court erroneously instructed the jury upon the measure of damages in that while plaintiff pleaded and proved a loss of earning capacity, the court charged the jury that it might assess damages to compensate her for her "loss of earnings in the past; and her loss of earnings, if any, in the future." No other instruction stating the measure of damages for loss of earning capacity was given or requested. The error, if any, was harmless. Plaintiff received painful and serious injuries which will, in part at least, be permanent. The verdict was for only $1,500 and no contention is made that it is excessive. We are committed to the rule that "where there is competent evidence to show damages alleged, and the verdict is not excessive, and when the complaining party does not request an instruction correctly stating the measure of damages, the cause will not be reversed because the measure of damages is inaccurately stated in the instructions." Whiteworth v. Riley, 132 Okla. 72, 269 P. 350, 59 A. L. R. 584; Lusk v. Kennedy, 73 Okla. 307, 176 P. 502. There is no merit in this contention.

4. Defendants finally argue that the court's instruction on contributory negligence was erroneous in that it placed the burden of proof thereof upon defendants without charging the jury that it might take into consideration any evidence in regard thereto disclosed by plaintiff's own evidence. They assert that the jury was probably misled thereby into believing that it could only consider evidence of contributory negligence introduced by defendant. We do not agree. In the same instruction the court charged the jury that:

"If you find and believe from the evidence that the driver of the automobile in which plaintiff was riding, was guilty of contributory negligence; and you further find that the plaintiff failed to exercise ordinary care in riding with the driver of the car in which she was riding, or in her failure to warn the driver of the car in which she was riding, and that such negligence proximately contributed to the injury complained of, then in that event the plaintiff cannot recover."

And by a separate instruction the court advised the jury that what conduct constituted contributory negligence on the part of a guest was a question of fact for it to determine.

We considered this same question in the case of Dewitt v. Johnson, 170 Okla. 625, 41 P. 2d 476, and held that similar instructions, when considered together, were not misleading.

Affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, and ARNOLD, JJ., concur. GIBSON, V. C. J., and WELCH, J., dissent. DAVISON, J., absent.