COLLINS–DIETZ–MORRIS COMPANY and the United States Fidelity and Guaranty Company, Petitioners,

v.

Mary RICHARDSON, Frank J. Wiley, Guardian ad litem of Margie Mae Richardson and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 37457.

Supreme Court of Oklahoma.

Feb. 12, 1957.

**160**

Fenton & Fenton, Oklahoma City, for petitioners.

Whitten & Whitten, Miskovsky & Miskovsky, Frank Wiley, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On the 5th day of January, 1956, Alton Richardson, while in the employ of Collins-Dietz-Morris Company, a wholesale grocery dealer, suffered a heart attack from which he died on the 9th day of January, 1956. On January 31, 1956, Mary Richardson, surviving widow of deceased, filed a claim for compensation under death benefit provisions of the Workmen's Compensation Law 85 O.S.1951 § 1 et seq., in her own behalf and on behalf of two minor children of deceased against Collins-Dietz-Morris Company and its insurance carrier, United States Fidelity and Guaranty Company, in which she states that deceased on the 5th day of January, 1956, while in the employ of Collins-Dietz-Morris Company sustained an accidental injury consisting of an injury to his heart resulting in his death; that the heart attack was brought about by strain and overexertion while engaged in unloading large packages of sugar, weighing from sixty to one hundred pounds each, from a freight car.

She states that she and the above mentioned minors are the sole and only dependent heirs of deceased.

Thereafter Margie Mae Richardson, twenty-six year old incompetent daughter of deceased by a former marriage, by and through her guardian intervened in the action and alleges that she is a dependent of deceased and is entitled to participate in any award that may be entered in the case.

The trial commissioner after finding that on January 5, 1956, Alton Richardson, while in the employ of Collins-Dietz-Morris Company sustained an accidental injury consisting of an injury to his heart resulting in his death on January 9, 1956, further found:

"That said accidental injury occurred as follows: Alton Richardson, now deceased, was working on said date as a dock worker for respondent, unloading freight from a railroad car; that he had been for several days working unusually long hours as a dock worker, which required the lifting of packages up to 100 pounds in weight, and on the afternoon of January 5, 1956, had a heart attack which was brought on by the long hours of exertion and heavy lifting. That the decedent, Alton Rich-

ardson, left as his sole and only surviving heirs, the following:

Mary Richardson, widow,

Bobby Dean Richardson, son, aged 16 years,

Sharon Ann Richardson, daughter, aged 13 years,

Margie Mae Richardson, blind and incompetent, daughter, aged 26 years;

and he left no other surviving dependent heir."

The trial commissioner upon such finding entered an award in favor of claimants in the sum of $13,500 to be divided among and between dependents in the proportion as stated in the order. The award was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review this award and contend that there was no evidence introduced to support the finding that the deceased sustained an accidental personal injury on January 5, 1956, which resulted in his death on January 9, 1956.

The evidence shows that on December 27, 1955, deceased was employed by petitioner, Collins-Dietz-Morris Company, as a dock worker. He was employed to assist in unloading freight cars of groceries for his employer in connection with the conducting of its wholesale grocery business; to assist in loading the groceries and stacking them on a truck after they had been removed from the freight cars.

There were two docks on which the employees of the Collins-Dietz-Morris Company were required to work. The back dock from which the groceries were unloaded from the freight cars and the front dock where they were loaded and stacked on trucks after having been removed from the freight cars. On the date he sustained his injury deceased was engaged in unloading packages of sugar from a freight car. The sugar was packaged in sixty and one hundred pound packages. These packages were lifted by deceased and placed on pallets or flat platforms located in the freight car and were removed therefrom by some mechanical device. Deceased on said date also worked on the front dock assisting in loading the sugar on a truck after it had been removed from the freight car. The last day upon which he worked he reported for work at 6:56 A.M. and worked until 10:17 P.M. He worked fourteen and three-fourths hours on that day. On the previous day or the 4th he worked thirteen and one-half hours and on the 3rd day he worked thirteen and one-fourth hours. On each of these days he was also engaged in doing the same kind of work he was doing on the 5th when he sustained his injury. On the date deceased sustained his injury he complained to a fellow worker of suffering pain in his back and also complained to another employee or fellow worker of suffering pain in his chest. He stated that his chest hurt him. The testimony of this witness as to the statement made that his chest hurt him was objected to by counsel for petitioners as being a self-serving declaration. The trial commissioner sustained the objection. Counsel, however, did not move to strike the evidence and this evidence has not been stricken. After deceased sustained his injury upon arrival at his home, Mrs. Richardson testified he looked pitiful. He was pale and very sick. He immediately retired. That night he suffered a slight heart attack. The next morning he was so sick he was unable to get out of bed. Early on the morning of the 7th he sustained another attack. She called a doctor. The doctor examined him and gave him some medicine. On the morning of the 9th deceased became very ill, was in constant pain and she again called the doctor and deceased was taken to the hospital. He arrived at the hospital at 11 A.M. and died about 2 P.M. of that day. The evidence further shows that some time in November 1954, deceased had suffered a prior heart attack but he sufficiently recovered from that attack to continue to do ordinary manual labor. Dr. L., the doctor who was called upon by Mrs. Richardson to treat deceased, testified that he saw and treated him on the 7th day of January, 1956, at his office. He was at that time complaining of pain in his chest radiating out of both arms. He obtained a history of the case from deceas-

ed. Deceased stated that he had been doing some heavy work for several days; that on the day he sustained his injury he was engaged in unloading from a freight car sacks of sugar; that the sugar was in packages weighing from sixty to one hundred pounds each. He stated he had severe pain in his chest and told the foreman of his company that he was unable to continue work, that he was sick. He saw deceased again on the 9th; he was suffering great pain and he referred him to the hospital. In answer to a lengthy hypothetical question based upon the evidence adduced the doctor stated that assuming the facts stated in the question to be true it is his opinion that deceased's death was due to heart attack and the heart attack was brought about by the work and heavy lifting he did on the 5th day of January, 1956.

Another doctor who saw deceased at the hospital a short time before he died in answer to the same hypothetical question likewise so testified.

The doctors were permitted to answer the hypothetical question over the objection of counsel for petitioners. The objection was based on the ground that the hypothetical question assumed facts not supported by the evidence. Petitioners referred to the following portion of the hypothetical question:

" * * * Assume further that on the afternoon of January 5th, while unloading the freight car of sugar, *the man had an attack of pain in his chest and in his back,* and that he had to rest and was unable to do his part in the lifting while in the process of unloading the freight car. * * * Assume further that the history of high blood pressure and previous heart attack in November of 1951, or two years before, *from which heart attack the man had recovered;* * * * ".

It is the contention of petitioners that there is no evidence to support the underscored statements contained in the hypothetical question. The only evidence offered by claimants to support the statement that on January 5th while unloading the freight car, deceased had an attack of pain in his back and in his chest consists of testimony of several co-employees of deceased. One of these employees testified that while at work unloading the sugar on the 5th day of January, 1956, deceased complained of pain in his back and stated that he was unable to do this work. Another employee who worked on the front dock testified that that evening deceased worked a short time with him on the front dock; that he stated while at work unloading the sugar he suffered pain in his chest and told him that his chest hurt him. As above stated counsel objected to this statement on the ground that it was a self-serving declaration. However, as before stated, the evidence was not stricken by the Commissioner.

■ Counsel for claimants contend that such evidence was competent and admissible and the trial commissioner erred in sustaining an objection thereto. With this contention we agree. In 64 A.L.R., at page 557, the author states:

"It is a well-settled general rule that, where the bodily or mental feelings of a person are to be proved, the usual and natural expressions and exclamations of such person which are the spontaneous manifestations of pain, and naturally flow from the pain being suffered by him at the time, are competent and original evidence, which may be testified to by any party in whose presence they are uttered."

And at page 568 the author further states:

"The facts that expressions of present pain are made long after the injury is received will not render them inadmissible."

This court quoted and followed the above mentioned rule in Dewitt v. Johnson, 170 Okl. 625, 41 P.2d 476, 477. In that case the court held:

"Natural and ordinary complaints of a minor child of tender years as to pain being suffered at the time are competent and original evidence which may

163

be testified to by his parent in whose presence they are uttered, although made a considerable length of time after the injury to the child was received."

■ Moreover we think the evidence was also admissible as a part of the res gestae.

Since the evidence of the witness as to the declaration made by deceased that he suffered pain in his back while working on the dock unloading sugar has not been stricken; and, since we hold this evidence competent, we think it entitled to consideration as evidence in the case and so considering it the contention of petitioners that such statement contained in the hypothetical question is not supported by the evidence cannot be sustained.

■ It is also contended by petitioner that the statement in the hypothetical question to the effect that deceased had recovered from his prior heart attack is not supported by the evidence. While there is no evidence tending to show that deceased had completely recovered from such attack the evidence does show that he had recovered sufficiently to do ordinary work and that he continued to work for about two years thereafter until he sustained his attack on January 5, 1956. We think this evidence sufficient to sustain the above mentioned statement contained in the hypothetical question. The Commission ruled correctly in permitting the doctors to answer the question.

The contention of petitioners that there was no evidence introduced to support the finding that deceased sustained an accidental injury on January 5, 1956, which resulted in his death on January 9, 1956, cannot be sustained.

■ We have heretofore. held that disability attributable to a condition of the heart is compensable if traceable to an accidental personal injury sustained in the course of and arising out of the hazardous employment covered by the act. Gulf Oil Corporation v. Rouse, 202 Okl. 395, 214 P.2d

251; State Highway Department v. Powell, Okl., 258 P.2d 1189.

■ We think the testimony of the above mentioned doctors in answer to the hypothetical question when considered in connection with the other evidence in the case is sufficient to sustain the finding of the Commission that the injury sustained by deceased constitutes an accidental injury and that it arose out of and in the course of his employment and is sufficient to support the award of the State Industrial Commission.

Award sustained.