**Kendall Ray MILLER and Billy E. Lowery, Plaintiffs in Error,**

v.

**Doris Fern BAILEY, Defendant in Error.**

No. 39243.

Supreme Court of Oklahoma.

Oct. 10, 1961.

Rucker, Tabor, Best, Sharp & Shepherd, O. H. (Pat) O'Neal, Tulsa, for plaintiffs in error.

Jack I. Gaither, Tulsa, for defendant in error.

JOHNSON, Justice.

This action was begun by the defendant in error, hereafter referred to as plaintiff, against the plaintiffs in error, hereafter referred to as defendants, to recover damages for personal injuries arising from an intersection collision between two automobiles in the City of Tulsa.

It appears that the plaintiff was driving south on the west lane of a four-lane through highway. The defendant Kendall Miller approached such through highway from the east and stopped at the stop sign, which stop sign was about two feet east of the highway. After looking both ways, the defendant continued west across such through highway, and as he was crossing the west lane his car was struck by plaintiff's automobile on the right rear fender. The weather was clear, and the time was approximately 4:45 p. m. in late March, so it was light.

The cause was submitted to a jury in the District Court of Tulsa County upon the

issues of negligence and contributory negligence made by the pleadings. A verdict for plaintiff in the sum of $10,000 resulted. After motion for new trial was overruled, this appeal was taken by defendants.

There is but one issue submitted by the appellants—the refusal of the trial court to give defendants' requested Instruction No. 1. It reads as follows:

"Defendants' Instruction No. 1

"You are instructed that the statutes of the State of Oklahoma provide as follows:

" 'The driver of a vehicle shall stop as required by this Act at the entrance to a through highway, and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway, or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed, and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.'

"In this connection you are instructed that the above Oklahoma Statute does not set a hard and fast rule for the conduct of drivers approaching through highways, but has provided the general rule that such drivers *much* yield the right-of-way to other vehicles traveling on such highways which are approaching so closely as to constitute an immediate hazard; and the circumstances of the traffic on a through highway, as it would appear to an ordinarily prudent person, in driving a car as he approached said through highway, must govern the conduct of the driver in determining whether it is an immediate hazard for him to enter and proceed to cross such through highway. If by entering and proceeding to cross such through highway, under the circumstances, the driver acted as an ordinarily prudent person would have acted

under the same or similar circumstances, then under the statute the drivers of all other vehicles approaching an intersection on such through highway must yield the right-of-way to the vehicle so proceeding into or across such through highway.

"You are further instructed that, in this case, it was the duty of the defendant to stop at the stop sign before entering the intersection, and if he did stop, he had the right to proceed across the intersection in question, provided that the circumstances were such that it would appear to an ordinarily prudent person that there was no other vehicle coming toward the intersection from either direction at such distance as to constitute an immediate hazard.

"Given ___(No)___
"Refused ___(As covered by Court's instructions already prepared prior to submission of this request.)___
"Exception Allowed ___(Yes)___
"(Sgd) ___W. Lee Johnson___
Judge"

It is submitted that this instruction embodies the duties prescribed by Title 47, Section 121.6, subsection (d), O.S.1953 Supp. This particular subsection is identical with subsection (c), Section 121.6, Title 47, O.S.1951; hence the previous decisions of this court construing said section are also applicable since the amendments of 1953, there being no change in this particular subsection.

In the case of Johnson v. Short, 204 Okl. 656, 232 P.2d 944, 947, this court laid down the rule in the body of the opinion as follows:

" * * * Each driver in approach to and in entering the intersection was required to act as a reasonably prudent person would have acted under all the existing circumstances. The application of this rule determined whether or not either was negligent."

We hold that the court's Instructions Nos. 6 and 7, given in the instant case, sufficiently encompass those things set forth in

defendants' requested Instruction No. 1 and substantially covered the law in this case.

"It is not error to refuse to give a special instruction requested by a party where the proposition therein stated is substantially and correctly covered by other instructions given." Eagle-Picher Mining & Smelting Co. et al. v. Drinkwine, 192 Okl. 662, 141 P.2d 66.

Judgment affirmed.