**In the Matter of the DEATH of
L. C. CLEVELAND.
FLINT ENGINEERING & CONSTRUCTION
and CNA Insurance, Petitioners,**

v.

**Lula SAWYER, Administratrix, Respondent.
No. 47127.**

Supreme Court of Oklahoma.

Feb. 11, 1975.

John S. Oldfield, Jr., Pierce, Couch, Hendrickson, Gust & Short, Oklahoma City, for petitioners.

Frank Seay, Richard A. Bell and Dick Bell, Seminole, for respondent.

BARNES, Justice:

This proceeding is to review correctness of a State Industrial Court order awarding respondent death benefits, resulting from death of L. C. Cleveland from accidental injury in course of covered employment. Respondent, hereafter the claimant, surviving mother and legal dependent, was appointed administratrix and filed amended

Form 3A claiming benefits in her own behalf.

Petitioners, herein respondents, specifically denied deceased suffered job-related accidental injury, or suffered any heart strain, and asserted any physical difficulty resulted from natural causes. Further, petitioners alleged that deceased was not engaged in work which caused over-exertion and did not suffer heart attack as alleged, but, if heart attack was sustained, this resulted from natural causes, unconnected with deceased's employment.

Upon hearing, respondents stipulated to facts of deceased's employment, and death on March 15, 1973. The dispositive issue was whether deceased suffered accidental injury from over-exertion which caused death by heart attack. After hearing, the trial court determined deceased had sustained accidental personal injury, arising out of and in the course of employment which resulted in death, and awarded benefits.

Two propositions are advanced as grounds for vacating the order reviewed. Each is predicated upon respondents' interpretation as to extent and meaning of the evidence. Settled decisional law precludes the Supreme Court from weighing and determining preponderance of evidence upon which State Industrial Court findings are based. On review, this Court examines the record only to ascertain whether there is any competent evidence to support the trial court's determination. Howey v. Babcock & Wilcox Co., Okl., 516 P.2d 821. Tenor of respondents' argument, however, necessitates summary of the evidence.

Deceased, a 44-year-old laborer, had been employed by respondents approximately one year prior to death. He suffered from deafness in one ear, blindness in the right eye, limped as a result of prior knee surgeries, and suffered from nervousness. Although never married, deceased owned and maintained the home where the parties lived, and had supported the widowed claimant during fifteen years preceding his demise.

In August, 1972, deceased had been hospitalized for four days for complaints of chest pains. Claimant understood deceased had suffered a heart attack. Hospital records of that episode showed deceased suffered acute nausea, chest pain, and angina pectoris. Thereafter, deceased continued to complain of chest pain until date of his demise, particularly after having performed tiring work.

Respondents had been engaged for three or four days installing a chain link fence around a water injection well in southeast Oklahoma City. The workmen were required to travel in a company truck from Seminole to the job and return, being paid two-hours travel time. The job required hauling materials [sand, gravel, cement] procured from an Oklahoma City supplier. Necessary postholes were opened manually with a posthole digger. Galvanized posts were placed in the holes which then were filled with concrete, which was mixed in a wheelbarrow and moved short distances as needed. The barrow would weigh 150–200 pounds when filled. The work was considered hard manual labor. Deceased had not worked the preceding day, but on March 14, 1973, reported for work and accompanied the foreman [Johnson] to the job and installation was completed that day. When deceased returned from work, about 5:30 that evening, claimant noticed he was pale, holding his chest and complaining of pain, and asked that a doctor be called, which claimant attempted unsuccessfully to do. About 8:00 p. m., deceased was holding his chest and complaining of pain and mentioned that while pushing a wheelbarrow about 3:00 p. m., his chest began "cramping", but was suffering to such extent he did not talk further with claimant. The doctor telephoned about 11:30 and claimant then took deceased to the hospital, but upon arrival found the doctor again was unavailable. Another physician [Dr. D.] was called, but deceased expired in the emergency room shortly after midnight before the doctor arrived.

Respondents introduced a statement from Dr. D., a nontreating physician, who pro-

nounced deceased dead. Also introduced in evidence were hospital records and a physician's [Dr. A. H. B.] summary covering deceased's hospitalization in 1972. This report detailed history and findings reflected by physical examination while deceased was hospitalized for complaint of chest pains, and included diagnosis of second degree atrioventricular block. Deceased was diagnosed as suffering acute gastroenteritis and angina pectoris. Treatment provided gradual improvement and deceased was discharged, with prescribed course of medication which included heart medication.

Also introduced was a patient schedule showing treatment dates and demise on March 15th. This statement noted the doctor had not seen deceased when he expired, but declared, "His death was not work related."

Claimant introduced in evidence a medical report from a physician [Dr. H. A. S.]. The statement was given in response to a written hypothetical question, which detailed evidentiary matters summarized, and included past medical records and physician's summary of Dr. A. H. B. Based upon matters reviewed, the physician stated deceased had suffered typical coronary thrombosis with myocardial infarction. Stress and strain of work precipitated heart attack, superimposed upon previous atherosclerosis and tendency for angina pectoris found during prior hospitalization.

■ The first contention urges insufficiency of evidence to support this order. Claimant was not required to show death from heart attack resulted from unusual strain or activity. However, respondents cite Fisher v. Douglas Aircraft Co., Okl., 440 P.2d 708, concerning requisite pattern of proof for showing work-connected strain or exertion in heart injury cases. Because there was evidence deceased suffered recurrent chest pains upon exertion, respondents insist the evidence showed death resulted from continuation of a former disability in a normal chain of events at a time deceased happened to be employed by respondents.

■ This presents a variation of arguments, relating to adjudication of fact questions in cases involving injury from heart attack, which have been considered many times. A precise statement of controlling principles may be observed in Flint Construction Company v. Downum, Okl., 444 P.2d 200. Also see H. J. Jeffries Truck Line v. Grisham, Okl., 397 P.2d 637; Black, Sivalls & Bryson v. Bass, Okl., 506 P.2d 902; Howey v. Babcock & Wilcox Co., supra. We find that State Industrial Court's determination deceased's death resulted from causes arising out of and in course of employment with respondents is sustained by reasonable competent evidence.

Respondents contend matters included in the hypothetical question relative to deceased's statements concerning occurrence of chest pains while pushing a wheelbarrow, requests for a doctor, and remarks relating continuing pain, constituted prejudicially inadmissible evidence, and rendered claimant's medical evidence incompetent. The argument insists the evidence failed to disclose deceased made these statements while under influence of pain and shock, or while near death, and therefore were not spontaneous statements admissible under res gestae exception to the hearsay rule.

■ The argument recognizes the principle that admissibility of res gestae statements largely is determinable under facts and circumstances of each case, and in great measure should be left to trial court determination. Allen Company, Inc. v. Grubb, Okl., 442 P.2d 492. However, the conclusion concerning inadmissibility of deceased's statements because of lack of spontaneity and lapse of time rests upon decisions in Southwestern Bell Telephone Company v. Nelson, Okl., 384 P.2d 914, and Gulf Oil Corporation v. Harris, Okl., 425 P.2d 957.

Respondents' position is that Nelson, supra, requires spontaneity of res gestae statements be measured by shock and excitement evident at, or near, time of death.

And, the decision in Harris, supra, created an extension of res gestae exception by allowing statements by a deceased immediately prior to death. However, Respondents reason that these decisions cannot be further extended by permitting statements made so long [4½ hours] prior to death to be considered. Further analysis and discussion of argument based upon the cited cases, and other decisions of similar import, is unnecessary.

Recently, in Silver Seal Products Company v. Owens, Okl., 523 P.2d 1091, essentially the same arguments and reasoning were considered. Decision in Owens overruled Nelson, supra, and specifically declared spontaneous statements which meet the tests delineated in Sand Springs Railway Co. v. Piggee, Okl., 196 Okl. 136, 163 P.2d 545, are admissible in evidence as res gestae statements.

The further argument advanced concerns inadmissibility of deceased's declarations by reason of undue lapse of time. Text statements, and extensive decisional law, clearly establish that time of utterance is not a controlling element for establishing admissibility of res gestae declarations. Wigmore on Evidence [3rd ed.] § 1749; Jones on Evidence [6th ed.] § 10.5, et seq.; DeWitt v. Johnson, 170 Okl. 625, 41 P.2d 476. Our decision in Owens, supra, involved declarant's statements uttered approximately four hours after occurrence of the principal event, and we held:

"1. The ultimate test for determining admissibility of declarant's statements to third persons, as res gestae exceptions to rule against hearsay testimony, is spontaneity or instinctiveness and logical relation to the principal event."

 Respondents' reasoning, and conclusions, are based upon statements from decisions which no longer express controlling principles regarding admissibility of res gestae declarations. The trial court properly admitted claimant's testimony concerning deceased's statements in evidence. The hypothetical question properly included these matters, and medical conclusion based upon consideration of this evidence was competent evidence.

Award sustained.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, LAVENDER and DOOLIN, JJ., concur.

HODGES, V. C. J., dissents.